probationary period hold the matter in abeyance and force the probationer to await indefinitely its own pleasure.

Since on June 1st the board of education had attempted to act only through a committee, which had authority to act only subject to confirmation, and on that date the board had not given such confirmation, it follows that on that date the relator's employment had not been terminated as provided by law, and he is entitled to a peremptory writ.

(92 Misc. Rep. 100)

### In re MURRAY'S ESTATE.

(Surrogate's Court, New York County. October 18, 1915.)

1. TAXATION ⬅900—TRANSFER TAX—NOTICE OF APPEAL—SUFFICIENCY;

Under the requirement of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245) that a notice of appeal shall state the grounds upon which the appeal is taken, an appeal on the ground that the order entered fixed an insufficient tax on the transfers of the property of a decedent was sufficient.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723, Dec. Dig. ⬅900.]

2. TAXATION ⬅876—TRANSFER TAX—RESIDUARY ESTATE—COMPROMISE;

Where testatrix devised her entire residuary estate to charitable corporations entitled to exemption from the transfer tax, and upon objections to probate interposed by the next of kin such residuary legatees entered into a compromise agreement whereby the executor was to pay one-third of the residuary estate to the next of kin, and whereby such payments were released and assigned to the next of kin, after which the will was probated, the next of kin did not take under the will, but as assignees, and the assignment was exempt from taxation under the Transfer Tax Law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. ⬅876.]

In the matter of the estate of Mary A. Murray, deceased. From the appraiser's report, and from the order fixing the transfer tax, the State Comptroller appeals. Appeal dismissed, and order affirmed.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, of counsel), for State Comptroller.

Parsons, Closson & McIlvaine, of New York City (William E. Carnochan and Edward C. Sperry, both of New York City, of counsel), for executor.

FOWLER, S. The decedent, who died October 22, 1913, by her will gave her entire residuary estate to ten charitable corporations, each of which, from the nature of its work and the proofs submitted by it relative to the same, is entitled to exemption from the imposition of the transfer tax. It seems that some of the decedent's next of kin interposed objections to the probate of the will, while others of them instituted a suit in the Supreme Court in order to obtain like relief. Subsequently a compromise agreement was entered into by all the parties, the result of which was that the residuary legatees agreed,

in consideration of the withdrawal of the objections and the discontinuance of the action in the Supreme Court, to pay to the contestants one-third of the amount passing to such residuary legatees under the terms of the will. Then only was the will admitted to probate. On this state of facts the transfer tax appraiser found in his report that the transfer of the residuary estate was exempt from taxation under the Transfer Tax Act (Consol. Laws, c. 60, §§ 220–245). The state comptroller now appeals from this report of the appraiser and from the order entered thereon upon the grounds, first, "that the appraiser erred and made a distribution of the estate that does not accord with the law, in that it is in contravention of the terms of sections 17 to 20, inclusive, of the Decedent Estate Law of the state of New York" (Consol. Laws, c. 13); and, second, and in "that the order entered as above fixes and assesses an inadequate and insufficient tax on the transfers of the property of said decedent."

As to the first ground of appeal, let us observe that sections 18, 19, and 20 of the Decedent Estate Law were repealed by chapter 857 of the Laws of 1911, in effect July 29, 1911. Section 17, the only one of said sections remaining unrepealed, relates to instances where the decedent leaves a husband, a child or a parent him surviving. In the event of such survivorship the benefaction to any charitable corporation would be limited to one-half of decedent's estate. The decedent here did not, however, leave surviving a husband, a child, or a parent, so the appeal on this ground must fail.

[1] The respondent urged upon the argument of the appeal that the second ground of appeal did not conform with sufficient exactitude to the provision of the Transfer Tax Law, which requires that a notice of appeal "shall state the grounds upon which the appeal is taken." I do not agree with this contention. The ground set forth is, in my judgment, sufficient.

[2] An examination of the compromise agreement shows that paragraph fifth thereof provides in substance that the residuary legatees authorize the person who may become executor or have charge of the administration of the estate to divide the residuary estate into three equal parts and to make the distribution in the manner above referred to; i. e., two-thirds to the residuary legatees named in the will and the other third to the decedent's next of kin, such distribution to be in full satisfaction of the legacies coming to said residuary legatees. "The amounts of such payments to the next of kin were thereby released and assigned by said corporate legatees to said next of kin respectively out of the respective legacies of the said corporate legatees." In the two cases cited by the appellant in support of his contention—Matter of Wolff, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed 179 N. Y. 599, 72 N. E. 1152, and Matter of Merritt, 155 App. Div. 228, 140 N. Y. Supp. 228—the facts were not the same. In each of those decisions it appears that renunciations of legacies, wholly or in part, were obtained; whereas, in this case at bar no renunciation whatever was given.

To quote the language of the compromise agreement before referred to, the residuary legatees "released and assigned" to the next of kin

the share paid in settlement. Consequently I venture to think that the rule laid down in the Matter of Cook, 187 N. Y. 253, 79 N. E. 991, which case is very similar in some respects to the one under discussion, is controlling in the disposition of this ground of appeal. In Matter of Cook the decedent died, leaving a widow, an adopted daughter, a child of said adopted daughter, whom the testator describes as his grandson, and several nephews and nieces. By his will he created a fund of $50,000 for the benefit of said grandson, with remainder over to such grandson's wife and children, if he left any. The residue of decedent's estate was given to decedent's nephews and nieces. The widow and adopted daughter objected to the probate of the will, with the result that a compromise was arrived at, by which the residuary legatees assigned and transferred to the widow all their interest in the residuary estate of the decedent. At page 259 of 187 N. Y., at page 993 of 79 N. E., the Court of Appeals inter alia said:

"The compromise did not change the will. No settlement could change a word that the testator wrote. The will stands as it was written, and a most solemn instrument, executed by all parties interested, could not convert a bequest to the nephews and nieces into a bequest to the widow. * * * A succession tax is measured by the legal relation which the legatee bears to the testator and is not affected by the relation which an assignee of the legatee bears to him."

The court emphasized this principle at page 260 of 187 N. Y., at page 993 of 79 N. E.:

"As she (i. e., the widow) did not take through the will, a succession tax cannot be fixed at the rate of 1 per cent., as in the case of a bequest to a widow, but must be fixed at the rate of 5 per cent., as in the case of a bequest to nephews and nieces."

For the reasons stated, the appeal is therefore dismissed, and the order fixing the tax is affirmed.