Matter of the Estate of CHARLES R. REED, Deceased.

(Surrogate's Court, New York County, December, 1916.)

Transfer tax — what amount may be deducted from assets of an estate in fixing transfer tax — what is competent evidence of value — executors and administrators — wills.

> The amount paid from legacies in consideration of the withdrawal of objections to the probate of a last will may not be allowed as a deduction from the assets of the estate in fixing the transfer tax.

> The expenses incurred in preparing for the trial of the objections are administration expenses and should be deducted from the assets of the estate in fixing the transfer tax.

> Where the decedent at the time of his death was the owner of a printing plant, an unverified statement made from his books is not competent evidence of the value of the plant and should not be accepted as a basis of value for the purpose of fixing a transfer tax.

APPEAL from an order assessing a tax upon the property of the decedent in this state.

Misc.]    Surrogate's Court, New York County, December, 1916.

Arthur F. Hansl and William Grant Brown, for appellants.

Thomas E. Rush (Thomas A. S. Beattie, of counsel), for State Comptroller.

FOWLER, S.   This is an appeal by the executors from an order assessing a tax upon the property of the decedent in this state.   Objections to the probate of testator's will were filed by one of his next of kin, and an agreement was subsequently entered into between the legatees providing for the payment of $25,000 by the executors to the contestant in consideration of the withdrawal of the objections.   The objections were then withdrawn, and the will was admitted to probate. The appraiser refused to allow the amount paid to the contestant as a deduction from the assets of the estate, and the executors contend on this appeal that the appraiser's refusal was error.   The will having been admitted to probate, the legatees mentioned therein became entitled to receive the various amounts bequeathed to them in accordance with its provisions. The $25,000 which was paid to the contestant was part of the property transferred under the will, and it would have been paid to the legatees were it not for their action in agreeing that it should be paid to the contestant.   The payment to the contestant was made in accordance with the terms of an agreement entered into between the legatees; if the property had not been transferred to the legatees under the provisions of the will they would have had no authority to provide by agreement between themselves for its payment to another person.   But such an agreement could not alter the terms of the will or diminish the value of the property transferred by it, and it is upon the transfer effected by the will that the tax is imposed.   The

Surrogate's Court, New York County, December, 1916.     [Vol. 98.

appeal on this point is therefore dismissed. *Matter of Westurn,* 152 N. Y. 102; *Matter of Baldwin,* N. Y. L. J., Dec. 11, 1913, opinion reported in Chrystie on Inheritance Tax, 637.

The expenses incurred in preparing for trial of the objections to the probate of the will amounted to $9,136.95, and the appraiser refused to deduct any of this amount from the assets in this state. This was error, as the administration expenses should be deducted from the assets in this state in the proportion which such assets bear to the entire assets, wherever situated. *Matter of Porter,* 67 Misc. Rep. 19, affd., 148 App. Div. 896.

The appraiser estimated the value of the machinery and equipment of the printing plant owned by the decedent at $14,192.65. This appraisal was based upon a statement made by a person who examined the books of the company. The statement was unverified, and it was not, therefore, competent evidence and should not have been accepted by the appraiser as a basis of value. The only competent evidence before the appraiser showed that the machinery and the equipment were worth $9,131.65. As this was uncontradicted it should have been accepted by the appraiser. The appeal on this point is therefore sustained.

The order fixing tax will be reversed and the appraiser's report remitted to him for correction as indicated.

Order reversed.