Matter of the Estate of JAMES SUPPLE, Deceased.

(Surrogate's Court, New York County, April, 1921.)

*Transfer tax — money paid pursuant to compromise agreement between distributees and claimant not deductible.*

APPLICATION to fix transfer tax.

McCall & O'Connell, for administratrix.

Lafayette B. Gleason, for the State Comptroller.

FOLEY, S. The application to fix transfer tax is granted. The administratrix claims a deduction of $990 paid to the alleged common-law wife of the decedent. The controversy compromised was between the distributees and a claimant to a part of the estate. It was not a claim against decedent or his property. Her status as widow does not appear to have been admitted or adjudicated. The payment to the alleged widow was simply a transfer of the property of the distributees, and did not diminish the amount passing by the death of the decedent. In *Matter of Marks,* 40 Misc. Rep. 507, Surrogate Thomas held that a payment to a contestant in settlement of a probate pro-

ceeding was not deductible. Surrogate Fowler held similarly in *Matter of Baldwin,* N. Y. L. J., Dec. 11, 1913, and *Matter of Reed,* 98 Misc. Rep. 102. I can see no distinction between compromises in probate proceedings and settlements made by the next of kin in cases of intestacy. The various transfers are to be fixed as of the death of decedent, for the interests of the transferees were acquired at that time. *Matter of Westurn,* 152 N. Y. 93; *Matter of Cook,* 187 id. 253; *Matter of Murray,* 92 Misc. Rep. 100; Chrystie Inheritance Taxation, 637. This item will be disallowed as a deduction, and the tax assessed against the transfers to the three persons named as distributees in the petition.

Decreed accordingly.