In the Matter of the Estate of RICHARD E. BURGER, Deceased.

Surrogate's Court, Orange County, June 12, 1924.

Wills — construction — testator, without near relatives, made bequests to various unincorporated charitable organizations — will provided that legacies should become part of residuary estate should designated organizations be unable to take as matter of law — report of transfer tax appraiser to effect that legacies bequeathed to unincorporated organizations were part of residuary estate not conclusive on right of legatee to determine validity of bequest — intention and purpose of testator to leave substantial legacies to named organizations regardless of how they functioned — legacies go to corporation where branch or subsidiary of it is named to sustain testator's purpose — legacy not defeated by misnomer — testator purposed to limit legacies to specified persons and to guard against intestacy.

Under proceedings for the judicial construction of a will, it appears that the testator, with no near relatives, after giving substantial legacies to various unincorporated charitable organizations such as Red Cross chapters, tuberculosis hospitals and Salvation Army corps in different cities, provided in the 45th paragraph of his will that " in the event of any of the person or persons who are to receive bequests under this my last will and testament should predecease me, or if for any reason any of the charitable organizations should be unable as a matter of law to take or receive the bequests hereinbefore provided, then and in that event, it is my will that the moneys so bequeathed shall revert to and become a part of my residuary estate; " that the executors claim that the unincorporated organizations named as legatees are unable to receive bequests as a matter of law; and that the construction of the will made by the transfer tax appraiser and later confirmed by a decision of the Surrogate's Court that the legacies to the unincorporated organizations became part of the residuary estate stands as the settled law in the construction of the will.

*Held,* that the executors' claim as to the construction of the will is untenable, since an order in a transfer tax proceeding is binding on questions of taxation only and is not conclusive upon the right of a legatee or devisee named in the

will to have the question of the validity of a bequest or devise determined upon a proceeding to judicially settle the estate.

The intention of the testator to leave substantial legacies to such organizations and institutions as tuberculosis hospitals, Red Cross chapters and Salvation Army posts, whether they functioned as independent corporations or as branches or departments of municipal corporations, is clear and his purpose should be carried out unless it is unlawful.

Legacies bequeathed to corporations operated as branches of a state or federal corporation or as independent corporations fall within the principle that in order to sustain the testator's purpose the legacies go to the corporation where a branch or department or subsidiary of it is named as legatee.

A legacy should not be defeated by misnomer. Accordingly, a legacy in the testator's will to the " Tubercular Hospital of Glens Falls, N. Y.," is intended for the " Glens Falls Tuberculosis Dispensary."

It was the intention of the testator by the 45th paragraph of the will merely to limit legacies to specified persons and to guard against intestacy.

PROCEEDING for construction of portions of will.

*R. H. Barnett*, for the executors.

*J. W. & P. V. D. Gott (Joseph W. Gott*, of counsel), for the County of Orange.

*Peter Cantline*, for the Commissions of the Home of the City and Town of Newburgh, N. Y.

*H. W. Chadeayne*, for the State Tax Commission.

*Clarence I. Miller (Edward A. Conger*, of counsel), for the Salvation Army.

*Charles L. McCann*, for the City of Poughkeepsie, N. Y.

*John E. Kelly (Walter F. Wellman*, of counsel), for the County of Schenectady.

*Jenkins & Barker (John H. Barker* and *Raphael A. Egan*, of counsel), for the American National Red Cross.

*J. Edward Singleton*, for the Glens Falls Tuberculosis Dispensary.

SMITH, S.  Richard E. Burger, at the time of his death, was engaged in the operation of retail furniture stores at Schenectady, Glens Falls, Poughkeepsie and Newburgh. He had no near relatives, and, after making many charitable bequests to various organizations in these cities, gave the residue of his estate to Mary Perrott and Louise Green. The estate amounted to about the sum of $1,021,499.66.

The executors have petitioned for judicial construction of the following paragraphs of his will:

"*Eighth.* I give, devise and bequeath to Tubercular Hospital of Newburgh, N. Y., the sum of Seven thousand ($7,000) Dollars.

"*Ninth.* I give, devise and bequeath to Children's Home of Newburgh, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Twelfth.* I give, devise and bequeath to Tubercular Hospital of Poughkeepsie, N. Y., the sum of Three thousand ($3,000) Dollars.

"*Twenty-seventh.* I give, devise and bequeath to Tubercular Hospital of Schenectady, N. Y., the sum of Seven thousand ($7,000) Dollars.

"*Thirty-second.* I give, devise and bequeath to Tubercular Hospital of Glens Falls, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Thirty-seventh.* I give, devise and bequeath to Newburgh Chapter of the American Red Cross located at Newburgh, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Thirty-eighth.* I give, devise and bequeath to Poughkeepsie Chapter of the American Red Cross located at Poughkeepsie, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Thirty-ninth.* I give, devise and bequeath to Schenectady Chapter of the American Red Cross located at Schenectady, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Fortieth.* I give, devise and bequeath to Glens Falls Chapter of the American Red Cross located at Glens Falls, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Forty-first.* I give, devise and bequeath to the Newburgh Corps of the Salvation Army, Inc., located at Newburgh, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Forty-second.* I give, devise and bequeath to the Poughkeepsie Corps of the Salvation Army, Inc., located at Poughkeepsie, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Forty-third.* I give, devise and bequeath to the Schenectady Corps of the Salvation Army, Inc., located at Schenectady, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Forty-fourth.* I give, devise and bequeath to the Glens Falls Corps of the Salvation Army, Inc., located at Glens Falls, N. Y., the sum of Five thousand ($5,000) Dollars.

"*Forty-fifth.* In the event of any of the person or persons who are to receive bequests under this my last will and testament should predecease me, or if for any reason any of the charitable organizations should be unable as a matter of law to take or receive the bequests hereinbefore provided, then and in that event, it is my will that the moneys so bequeathed shall revert to and become a part of my residuary estate."

The legacy of $7,000 to Tubercular Hospital of Newburgh, N. Y., is claimed by the county of Orange. The proof shows that " Newburgh Tuberculosis Sanatorium " was incorporated on or

about October 15, 1909, and, by order of Orange County Court, dated September 25, 1912, was duly authorized to convey its property to the county of Orange and that said institution is the only tuberculosis hospital at Newburgh commonly known as the Newburgh Tuberculosis Hospital. This institution has been conducted by the county of Orange since the date above named.

The legacy of $7,000 to Children's Home of Newburgh, N. Y., is claimed by the Commissions of the Home of the City and Town of Newburgh. This is a poor district within the county of Orange duly constituted as a municipal corporation by chapter 44 of the Laws of 1853 and continued by chapter 541 of the Laws of 1865, but the name was changed by chapter 467 of the Laws of 1905. This corporation was authorized by chapter 114 of the Laws of 1885 to purchase a lot of land in the city of Newburgh and erect a suitable building to be used and occupied as a home for dependent children. This was done and the property in question has since been known as the " Children's Home of Newburgh " and there is no other institution known by such name in the city of Newburgh.

The legacy of $3,000 to Tubercular Hospital of Poughkeepsie, N. Y., is claimed by the city of Poughkeepsie. On February 15, 1910, the state commissioner of health granted a certificate to the city of Poughkeepsie authorizing the establishing of a tuberculosis hospital in the town of Poughkeepsie, Dutchess county. This is near the city of Poughkeepsie, and is known as the " Tubercular Hospital of Poughkeepsie " and also as the " Samuel W. Bowne Memorial Hospital " in honor of the person named because of substantial gifts made by himself and his wife. There is no other hospital in or near Poughkeepsie engaged in the care of persons suffering from tuberculosis.

The legacy of $7,000 to Tubercular Hospital of Schenectady, N. Y., is claimed by the county of Schenectady. The county of Schenectady consists of the city of Schenectady, containing about eighty-five per cent of the entire county population, and five adjoining towns containing about fifteen per cent of the entire county population. During the year 1908 the Red Cross organization established a camp for treatment of tuberculosis in the city of Schenectady. In 1909 the board of supervisors of Schenectady county organized the Schenectady County Tuberculosis Hospital. In 1911 the name was changed to " Glenridge Sanatorium " because of objection to the word " tuberculosis." This is located in the town of Glenville, which is separated from the city of Schenectady by the Mohawk river. There is no other institution in Schenectady county engaged in the care of persons suffering from tuberculosis.

The legacy of $5,000 to Tubercular Hospital of Glens Falls, N. Y., is claimed by Glens Falls Tubercular Dispensary, a corporation. This was duly incorporated in 1911 and maintained a free dispensary for the treatment of persons suffering from tuberculosis at the time the will was executed and at the time of the death of the testator. At the times mentioned this corporation was the only organization in or about Glens Falls that was engaged in the care of persons suffering from tuberculosis.

The legacies to the various chapters of the Red Cross are claimed by American National Red Cross, a federal corporation. The various local organizations are known as " chapters " and are not incorporated. The local organizations at the city of Newburgh and the city of Glens Falls are known as the " Newburgh Chapter " and the " Glens Falls Chapter," respectively, and the organizations at the city of Poughkeepsie and the city of Schenectady are known as " Dutchess County Chapter " and " Schenectady County Chapter," respectively.

The legacies to the various corps of the Salvation Army are claimed by the Salvation Army, a domestic corporation, authorized by law to establish and maintain places for religious work, lodging, shelters and other purposes throughout the state of New York. The local organizations are known as " corps " and are not incorporated.

The executors claim that each of the organizations above named is unincorporated and " unable as a matter of law to take and receive the bequests; " that the proper construction of paragraph marked " Forty-fifth " of said will is to make the legacies conditional; that the paragraph should be construed to mean that if any of the legatees named was not incorporated the legacy should become part of the residuary estate and that, in any event, the state tax commission construed testator's will in the transfer tax proceeding and this court confirmed its decision by the order fixing tax and that it is of no consequence whether said decision was rendered in a transfer tax proceeding, probate proceeding or judicial settlement proceeding or a direct proceeding (to construe testator's will), the legal effect is the same and the decision stands as the settled law in the construction of testator's will until reversed or modified, and this, irrespective of who was a party thereto. The report of the transfer tax appraiser was to the effect that the legacies in question became part of the residuary estate and the amounts were added to the residue and taxed accordingly.

It is obviously necessary to determine this question first and it is my opinion that the claim is untenable and that the order in a transfer tax proceeding is binding on questions of taxation only

and is not conclusive upon the right of a legatee or devisee named to have the question of the validity of a bequest or devise determined upon a proceeding to judicially settle the estate. *Matter of Ullmann,* 137 N. Y. 403; *Amherst College* v. *Ritch,* 151 id. 282.

The remaining question for determination is as to the validity of the legacies. The will itself discloses the intention and purpose of the testator to leave substantial legacies to various fraternal and charitable organizations in the various sections where he maintained stores, including the Young Men's Christian Association, Young Women's Christian Association, St. Luke's Hospital, and Masonic Club of Newburgh; Young Men's Christian Association and Young Women's Christian Association of Poughkeepsie; Young Men's Christian Association, Young Women's Christian Association, Ellis Hospital, Old Ladies Home, and Children's Society of Schenectady; Young Men's Christian Association, Glens Falls Hospital, Glens Falls Home for Aged Women, and Masonic Club of Glens Falls. After the legacies to each group named in each of the said cities, we find the legacy to the Tubercular Hospital in that city and, in connection with the Newburgh organizations, the legacy to the Children's Home of Newburgh. The intention and purpose of the testator is manifested from the language and arrangement of the provisions of the will alone and makes it unnecessary to resort to extraneous evidence. It was his intent and purpose to leave substantial legacies to the tuberculosis hospitals operating in the various sections where he maintained stores and the geographical location, whether within or without the city limits, is of no importance nor is the name under which they operated or the question as to whether or not the hospitals were operated as independent corporations or as branches or departments of municipal corporations. It is likewise clear from the will itself that he desired to aid in the work of the Red Cross and Salvation Army in these various sections and the question as to whether or not these were operated as independent corporations or as branches of a state or federal corporation is of no importance. His intention and purpose are clear and should be carried out unless unlawful. The legacies to the Tubercular Hospital of Newburgh, Children's Home of Newburgh, Tubercular Hospital of Poughkeepsie, Tubercular Hospital of Schenectady, and to the various chapters of the Red Cross and Salvation Army fall within the well-established principle that in order to sustain testator's purpose, the legacies go to the corporation where a branch or department or subsidiary of it is named as legatee, and the respective legacies will be paid accordingly. *Kernochan* v. *Farmers Loan & Trust Co.,* 187 App. Div. 668; affd., 227 N. Y. 658.

Surrogate's Court, Westchester County, June, 1924. [Vol. 123

It is evident that the legacy to Tubercular Hospital of Glens Falls, N. Y., was intended for Glens Falls Tuberculosis Dispensary and should not be defeated by a misnomer. *Kernochan* v. *Farmers Loan & Trust Co., supra.*

The evident purpose of the first part of paragraph marked "Forty-fifth" was to limit legacies to specified persons and the second part was the usual precaution of a careful attorney to guard against intestacy. The testator clearly intended to aid in the work of the various charities mentioned without regard to the name of the particular organization which carried on this work, and the construction suggested by the executors would defeat his intention. To hold otherwise would be in effect to say that this was a mere idle gesture on his part and that he intended that the amounts named should not be used for this charitable work but should go to the residuary legatees named in his will.

Decreed accordingly; settle decree on three days' notice.