In the Matter of the Estate of JOHN McQUIRK, Deceased.

Surrogate's Court, New York County, August 5, 1927.

**Wills — validity — will of all property to charity is valid under Decedent Estate Law, § 17, where no specified relative survives — legatee could take under General Corporation Law, § 11, subd. 3.**

A will devising all of the property of the testator to charity is valid under section 17 of the Decedent Estate Law where the testator is not survived by a husband, wife, child or parent.

The legatee in this case is a membership corporation duly incorporated and it has the power under subdivision 3 of section 11 of the General Corporation Law to take property by bequest.

APPLICATION for an order compelling executors to file account.

*Goldman, White & Lowenbraun,* for the petitioner.

*Richard Dudensing,* for the executors.

*Lewis M. White* and *M. S. Meyerowitz* of counsel.

O'BRIEN, S.   The application for an order compelling the executors to file an account is denied, the petitioners having failed to show that they are persons interested in this estate.   (1) The condition precedent named in section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301),* as necessary to make that statute applicable, viz., that testator have a husband, wife, child or parent, is lacking in the present case for testator, a Roman Catholic clergyman, had neither of the above relations.   Therefore, the protection of the statute and the limitation to one-half of decedent's estate of the bequest made to the *Henry McCaddin, Jr., Fund for the Education of Candidates for the Roman Catholic Priesthood in the Poorer Dioceses of the United States of America and Elsewhere,* now known under the name of the McCaddin McQuirk Foundation for Sacerdotal Education, are unavailable to petitioners herein. While it is true that the courts have held that " the provisions of this statute may be insisted upon by anyone who would derive a benefit therefrom although not one of the persons designated in the section," these decisions were never intended to nor did they hold that those not of the classes designated but who would derive a benefit from the statute could institute proceedings to prevent the whole bequest from taking effect *where the testator had no husband or wife, child or parent.*   An examination of the cases cited in behalf of petitioner discloses the fact that they were within the statute because one or more of the persons designated therein survived

*Since amd. by Laws of 1927, chap. 502, in effect September 1, 1927.— [REP.

MATTER OF BULLARD. **337**

Misc. 337]     Surrogate's Court, New York County, August, 1927.

the testator in each instance. As above stated, petitioner herein left him surviving no person designated in section 17 of the Decedent Estate Law. The petitioners are a niece and grandnephew, and under the circumstances here they cannot invoke the section. (*Matter of De Lamar*, 203 App. Div. 638, 640; *Decker* v. *Vreeland*, 220 N. Y. 326; *Matter of Tone*, 186 App. Div. 363; affd., 226 N. Y. 696; *Matter of Danklefsen*, 171 App. Div. 339; *Matter of Murray*, 92 Misc. 100; *Matter of Talmage*, 59 id. 130.) (2) As to the authority of this legatee to take the bequest, petitioner is again in error. The corporation in question is a membership corporation the certificate of which was duly approved. Hence, under section 11, subdivision 3, of the General Corporation Law it was empowered to acquire property by bequest. There is nothing in the record in this case to show, much less to prove, that this corporation was improperly incorporated under the Membership Corporations Law. (See *Matter of McCormick*, 71 Misc. 95; *Matter of Fay*, 37 id. 532.) I hold, therefore, that there is no intestate property in this estate which would pass to petitioners. Submit order on notice accordingly.