In the Matter of the Estate of AUGUSTA COVERDALE, Deceased.

Surrogate's Court, Livingston County, July 22, 1931.

*Samuel I. Golieb*, for the petitioner.

*Austin W. Erwin*, for the respondent estate.

WHEELER, S.   Augusta Coverdale died a resident of Livingston county February 19, 1913, leaving a last will and testament, which was probated April 10, 1915, and letters testamentary were issued to the executors.

Construction of the 3d paragraph of the will of the decedent is requested by the executors in this proceeding, relative to the payment of the legacy to the Anti-Vivisection Society of New York City, and also questions the legal right of the New York Anti-Vivisection Society to receive the legacy.

The paragraph in question reads:

" *Third.* After the death of my said husband, it is my will that my said estate be divided as follows: I desire that $1,000 be paid by my executors to the Massachusetts Humane Society of Milk Street, Boston, Mass.; that $1,000 be likewise paid to the Plymouth Spiritualist Church of Rochester, N. Y.; that in the same manner $1,000 be paid to the Anti-Vivisection Society of New York City; and I hereby direct that the same be done."

The record discloses that the husband of the decedent, William H. Coverdale, died April 30, 1929, on which date the legacy in question became payable by the terms of the will.

It appears from the proofs that the legatee mentioned in the 3d paragraph of the will, "Anti-Vivisection Society of New York City," was not an incorporated organization, and that the only corporation in existence in New York State having for its object the regulation and restriction of animal vivisection is the corporation "New York Anti-Vivisection Society."

The "New York Anti-Vivisection Society" was duly incorporated pursuant to the provisions of the Membership Corporations Law, and in accordance with the provisions thereof, and of the General Corporation Law of the State of New York, in or about the month of January, 1908, and further the record discloses that that corporation was duly organized and is now existing.

The charter described the objects for which this corporation was formed, as follows: (1) "The regulation and restriction of animal vivisection." (2) "The carrying on of any work for the purpose of arousing public sentiment against the practice of vivisection by means of public meetings, lectures and distribution of literature or by other proper and legal means tending to accomplish the above result."

In construing the paragraph in question, testator's intention is the primary guide and the underlying question. (*Matter of Bump*, 234 N. Y. 60; *Rezzemini* v. *Brooks*, 118 Misc. 791; *Matter of Trevor*, 119 id. 277; *Matter of Van Tassell*, Id. 478.)

The 10th paragraph of decedent's will discloses the interest of the testatrix in animals, as she admonishes her executors to care for her pets, and again in her will she bequeathed the sum of $1,000 to "Massachusetts Humane Society of Boston, Mass.," which society has for its object the humane treatment of animals. Her desire was to further the objects of the Anti-Vivisection Society of New York.

The record discloses that the "New York Anti-Vivisection Society" was very commonly known as the "Anti-Vivisection Society of New York City."

It is very evident that the legacy to the "Anti-Vivisection Society of New York City" was intended for the "New York Anti-Vivisection Society," that being the only corporation in existence capable of receiving the bequest. To hold otherwise would defeat the plain intent of the testatrix.

A corporation may be designated by its corporate name, by the name by which it is usually known or properly called and known, or by any name by which it can be distinguished from every other corporation. (*Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Burger*, 123 Misc. 308; *N. Y. Inst. for the Blind* v. *How's Executors*, 10 N. Y. 84.)

The next question raised by the accounting executor is whether or not the New York Anti-Vivisection Society is organized by law to receive the bequest.

The New York Anti-Vivisection Society was duly incorporated under and by virtue of the laws of the State of New York and the corporation is now in legal existence.

Section 14 of the General Corporation Law provides: " Grant of general powers. Every corporation as such has power, though not specified in the law under which it is incorporated   *   *   *: (3) To acquire property for the corporate purposes by grant, gift, purchase, devise or bequest, and to hold and to dispose of the same, subject to such limitations as may be prescribed by law."

A membership corporation, such as the " New York Anti-vivisection Society," which is duly incorporated under the Membership Corporations Law, has power under subdivision 3 of this section to acquire property by bequest. (*Matter of McQuirk*, 130 Misc. 336; affd., 224 App. Div. 724.)

Decree may be submitted directing the executors to pay $1,000 to the " New York Anti-Vivisection Society," with such interest as said fund may have earned, without costs to the attorney for the New York Anti-Vivisection Society.