*In re* COX'S ESTATE.

1. TAXATION—WILLS—CONSTRUCTION FOR INHERITANCE TAX PURPOSES.

Adjudication by probate court determining amount of inheritance tax payable on bequest of $10 weekly for not more than four years and an additional $1,000 to obtain admission of legatee in a home, made pursuant to statutory power conferred upon such court by inheritance tax act, *held*, not a final construction of the will for all purposes (1 Comp. Laws 1929, § 3682).

2. STATUTES—ADOPTION OF ONE SIMILAR TO THAT OF ANOTHER STATE.
   That construction of a statute, placed upon it by court of State of which Michigan statute is substantially a copy, is construction which should be used by adopting State.

3. JUDGMENT—WILLS—BEQUEST FOR MAINTENANCE—CONSTRUCTION FOR INHERITANCE TAX PURPOSES.
   Construction of bequest of $10 weekly for not to exceed four years and an additional $1,000 to obtain legatee's admission into a home, as a definite bequest of $3,080 for purposes of computing inheritance tax *held*, not *res judicata* of amount payable to estate of legatee who lived but 133 weeks after death of testatrix and was never admitted to a home (1 Comp. Laws 1929, § 3682).

4. WILLS—BEQUEST FOR MAINTENANCE—DEATH OF LEGATEE.
   Bequest of weekly sum to run for a period of not to exceed four years and $1,000 to obtain legatee's admission into a home *held*, to indicate testatrix had intention to provide for legatee's support and nothing more, hence, it was a bequest for maintenance not intended to continue after death of beneficiary which occurred 133 weeks after death of testatrix and before her admission to a home.

5. COURTS—PROBATE—EQUITY.
   The probate court is ruled by equitable principles.

6. WILLS—BEQUEST FOR MAINTENANCE—DEATH OF BENEFICIARY—REFUND OF INHERITANCE TAX CHARGE AGAINST UNCOMPLETED BEQUEST.
   Estate of legatee who was left the sum of $10 weekly for period of four years and an additional sum of $1,000 for obtaining admission into a home *held*, entitled to $30, amount of weekly allowance which had not been paid her during her lifetime, and $85 overcharge of inheritance tax which had been paid on sums not received by legatee or her estate, since it would be against equity and good conscience to exact such overcharge where no statutory notice had been given her (1 Comp. Laws 1929, § 3685).

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 13, 1938. (Docket No. 100, Calendar No. 39,669.) Decided June 6, 1938.

In the matter of the estate of Emma M. Cox, deceased. On petition of the cotrustees for allowance

of second annual account. From order of probate court, cotrustees and Thomas J. Whinery, administrator of the estate of Addie A. Larrabee, deceased, appealed to circuit court. From judgment, Thomas J. Whinery, administrator, appeals. Modified and affirmed.

*Norris, McPherson, Harrington & Waer,* for appellees.

*Thomas J. Whinery,* for appellant.

BUTZEL, J. Emma M. Cox, a spinster, died on September 11, 1932, leaving an estate appraised at approximately $50,000. Her will, duly admitted to probate, contained a number of specific bequests. The residue of the estate was left to trustees for the benefit of relatives, strangers and various charities. The clause in the will which gives rise to the present controversy is as follows:

"There shall be paid out of the income from said trust fund the sum of $10 a week to my Aunt Addie A. Larrabee of Portland, Maine, for a period of not to exceed four years, or until such time as she can be admitted to the          Home, at which time there is to be paid out of said income for her benefit such sum not exceeding $1,000 as it will be necessary to deposit with said Home to gain her admission thereto. If there is required less than the sum of $1,000 for that purpose, the difference shall be paid direct to my said aunt."

An order of the probate court, determining the inheritance tax on the statement prepared by the State inheritance tax examiner, found that Addie A. Larrabee received a definite bequest of $3,080, and fixed the tax accordingly. The court must have assumed that the bequest was a fixed and definite

amount of $10 a week for four years, plus an additional $1,000. The estate paid an inheritance tax based on this amount. When the coexecutors filed their final account on August 30, 1933, they petitioned to be instructed as to how to charge this tax against the beneficiary. Beneficiaries other than Addie A. Larrabee filed objections to the final account. Their petition stated that the interest of Addie A. Larrabee was fixed and definite and that the inheritance tax was chargeable against the amounts to be paid to her. The probate court signed an order allowing the final account, and provided that the tax on the bequest to Addie A. Larrabee would be in the amount formerly fixed and was to be charged against and deducted from that bequest. There was no appeal taken from this order.

Addie A. Larrabee died on April 3, 1935. $146.30 had been previously charged to her on account of the inheritance tax reckoned on the basis hereinbefore stated. $1,153.70 had been paid to her so that in all, $1,300 had been paid covering a period of 130 weeks. She had survived the testatrix 133 weeks. She never went to live in any institution. In their second annual account, filed April 14, 1936, after Miss Larrabee's death, the cotrustees under the will of Emma M. Cox raised the question of whether any further payment was due on the Addie A. Larrabee bequest. The probate court determined that the sum of $10 a week had been granted to the beneficiary for 4 years and that the special administrator of her estate was entitled to collect all sums in arrears and all future payments as they should become due. Appeal was taken by the cotrustees to the circuit court and in a well-reasoned opinion, the court held that all rules of construction must yield to the intent of the testatrix, citing *Union Trust Co.* v. *Fisher*, 240

Mich. 68, and that there was no intention on the part of testatrix to pay more than would take care of the beneficiary during her lifetime. He held that upon the beneficiary's death, the legacy lapsed, and her estate was only entitled to the $30 remaining unpaid at that time. In a very able brief, attorney for Miss Larrabee's estate claims error. He maintains that when the probate court approved of the final account, showing payment of inheritance taxes based upon a construction of the will giving Addie A. Larrabee a fixed and definite bequest of $3,080, the question became *res judicata.*

It is true, that in fixing the inheritance tax, the probate court must have assumed that the will provided for a fixed and definite bequest to Addie A. Larrabee. Nevertheless, such an adjudication is not a final construction of the will for all purposes. As far as this particular legacy was concerned, the court was concerned solely with the question of the amount of, and liability for, the inheritance tax. It was a final adjudication of that issue alone. The probate court is granted power to determine all questions arising under the provisions of the inheritance tax act by 1 Comp. Laws 1929, § 3682 (Stat. Ann. § 7.571). This section closely follows the wording of the New York statute (59 McKinney's Consol. Laws of N. Y. Ann., art. 10, § 228), except that the latter statute places these powers in the surrogate's court. In *Trustees of Amherst College v. Ritch,* 151 N. Y. 282 (45 N. E. 876, 37 L. R. A. 305), it was held that the surrogate's adjudication was final only on the tax questions involved. In the case of *In re Burger's Estate,* 123 Misc. 308 (205 N. Y. Supp. 220), it was held that the proceedings to fix the tax were not conclusive as to the construction of the will and that the parties were not bound

thereby. Since our inheritance tax statute is substantially a copy of the New York act, the construction placed upon it by that court should be adopted. *Stellwagen* v. *Wayne Probate Judge,* 130 Mich. 166. The construction of the will adopted by the probate court is not *res judicata* as to this action.

Appellant contends that even if the construction adopted by the probate judge is not *res judicata,* it nevertheless was correct. His claim is that the will provides for weekly payments for a period of four years, and that in the absence of words limiting the bequest to a life estate, such a construction may not be adopted. However, the weekly payments were not to run for four years in any case. The payments were to run for a period *not to exceed four years,* or until such time as Addie A. Larrabee might be admitted to a home. It is the latter provision which indicates that the intention of the testatrix was to provide for the support of Addie A. Larrabee and nothing more. The payments being only for the purpose of maintenance, it could not have been intended that they should continue after the death of the beneficiary. We cannot escape the conclusion from the wording of the will that the bequest was simply for the support of the beneficiary during her lifetime.

The trial court allowed Addie A. Larrabee's estate only $30, being the amount of three weekly payments due at her death. In view of the fact that she paid an inheritance tax on a sum in excess of that she received, there is some question whether her estate is not entitled to a refund of the amount of the tax for which she was overcharged. The probate court is ruled by equitable principles. See *In re McLouth's Estate,* 281 Mich. 191. Inasmuch as the beneficiary was overcharged to an amount in the neighborhood

of $85 for inheritance taxes, without the statutory notice to her as provided by 1 Comp. Laws 1929, § 3685 (Stat. Ann. § 7.574), and inasmuch as it would be against equity and good conscience to exact such overcharge, that amount should be paid to her estate in addition to the $30 due.

The judgment of the lower court is modified to the extent of the difference between the tax paid and that properly chargeable, and the case is remanded to the lower court to ascertain the correct figure, and, in turn, to remand to the probate court with instructions. Appellee will recover costs.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.