*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF JACK MCLAURIN SR.

GEORGE RIZIK II, Personal Representative of the
ESTATE OF JACK MCLAURIN, SR,

        Appellee,

v

FRED MCLAURIN,

        Appellant.

UNPUBLISHED
February 14, 2019

No. 341596
Genesee Probate Court
LC No. 17-206740-DE

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Appellant, Fred McLaurin (Fred), son of Jack McLaurin Sr. (the decedent), and a beneficiary of the decedent's estate (estate), appeals as of right the probate court's order granting appellee, George F. Rizik, II (Rizik), the personal representative of the estate, the authority to allow Fred to retain the decedent's 1987 Chevrolet Monte Carlo (vehicle); to pay $2,000 to Continental Auto Sales, LLC (buyer); and to deduct that $2,000 from Fred's distributive share of the estate's residue, along with $1,000 in attorney fees and costs. We affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The decedent died intestate on February 10, 2017, leaving eight children as his descendants. The probate court appointed Rizik as the personal representative of the estate. Rizik had Fred and two of his siblings bid on the subject automobile after they had expressed an interest in it. Rizik testified that despite an array of competing bids, none of the family members ever provided any money to him. Consequently, Rizik sold the vehicle to the buyer. When the buyer attempted to claim possession of the vehicle, he was precluded from doing so by Fred. After a hearing, the probate court approved of Rizik's sale of the vehicle, noting Fred's failure to pay the purchase price in a reasonable time and Rizik's discovery of a willing buyer. The

probate court ordered Fred to turn the vehicle over to Rizik, but when Fred refused to do so, he was found in contempt of court and sentenced to time in jail.

Subsequently, Fred moved the probate court to remove Rizik as personal representative of the estate while Rizik moved the probate court to allow Fred to keep the vehicle but to deduct $2,000 from Fred's share of the estate to pay the buyer along with $1,000 from his share to pay for attorney fees and costs arising out of Fred's wrongful retention of the vehicle. Fred objected, citing that the vehicle was not worth that amount and that Rizik had breached an array of duties to the estate. The probate court found that such relief was warranted under the circumstances and entered an order adopting Rizik's plan. This appeal followed.

## II. DEDUCTION FROM FRED'S SHARE OF THE ESTATE

Fred argues that the probate court abused its discretion in granting Rizik's petition to deduct the value of the vehicle, plus attorney fees and costs, from Fred's distributive share of the estate's residue. Fred has abandoned this issue, but even so, we disagree.

## A. ABANDONMENT

"An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). "Insufficiently briefed issues are deemed abandoned on appeal." *Id*.

Fred's brief on appeal cites two statutes as the sole authority for his position: MCL 750.423 and MCL 700.1308. The former is the statute effectuating the penalty for perjury and is irrelevant to the issue on appeal. MCL 750.423. The latter is the remedy for removing a personal representative of an estate who breaches their fiduciary duty. MCL 700.1308. Fred offers no analysis as to how either statute warrants the relief he requests. Fred also fails to make a coherent argument as to why the probate court abused its discretion in granting Rizik's petition to deduct Fred's distributive share of the estate's residue. Therefore, Fred has abandoned his argument on appeal. *Greater Springs Ministry*, 282 Mich App at 413.

Nonetheless, even in addressing the merits of Fred's arguments, we disagree with him that the probate court abused its discretion in granting Rizik's petition to deduct the value of the vehicle, plus attorney fees and costs, from Fred's distributive share of the estate's residue.

## B. STANDARD OF REVIEW & APPLICABLE LAW

"This Court reviews the probate court's factual findings for clear error and its dispositional rulings for an abuse of discretion." *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Duke Estate*, 312 Mich App 574, 580-581; 887 NW2d 1 (2015) (quotation marks omitted). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "[A]ppeals from a probate court decision are on the

record, not de novo." *Id*. However, issues involving the application and interpretation of a statute or court rule are reviewed de novo as questions of law. *Id*.

"The probate court is ruled by equitable principles." *In re Cox Estate*, 284 Mich 628, 633; 279 NW2d 913 (1938); see also *Matter of Estate of Williams*, 164 Mich App 601, 608-609; 417 NW2d 556 (1987) ("Over matters of which it has jurisdiction, the probate court has the same powers as the circuit court to make any proper order, including the power to provide equitable relief."), citing MCL 600.847. MCL 700.1302(a)(*i*), (*ii*), and (*iii*) confer "exclusive legal and *equitable* jurisdiction" on probate courts in matters related to the "internal affairs of the estate"; administering, distributing, and settling a decedent's estate; and "[d]eclaration of rights that involve an estate, devisee, heir, or fiduciary." (Emphasis added.) Additionally, MCL 700.1303(1)(a) grants probate courts with "concurrent legal and *equitable* jurisdiction" to "[d]etermine a property right or interest." (Emphasis added.) Moreover, "[t]he residuary estate may be distributed in any equitable manner." MCL 700.3906(1)(c).

A personal representative is required to "proceed expeditiously with the settlement and distribution of a decedent's estate . . . ." MCL 700.3704. Generally, the personal representative shall settle a decedent's estate without adjudication, order, or direction of the court; "[h]owever, the personal representative may invoke the court's jurisdiction in a proceeding authorized by this act to resolve a question concerning the estate or its administration." *Id*.

## C. ANALYSIS

The probate court did not abuse its discretion in granting Rizik's petition because a probate court may issue equitable relief in the distribution of a decedent's estate, in determining heirs' property interests, and in determining heirs' rights to a decedent's property. MCL 700.1302(a)(*ii*) and (*iii*); MCL 700.1303(1)(a). Despite the probate court's order requiring Fred to return the vehicle to Rizik, Fred refused to do so. Fred's willful noncompliance resulted in him being held in contempt of court and a sentence of four days in jail. Yet, even so, he still refused to turn the vehicle over to the personal representative. Rizik's petition to deduct the value of the vehicle, plus attorney fees and costs, from Fred's distributive share of the estate's residue stated that "[b]ut for Fred McLaurin's actions with respect to the vehicle, the estate could be closed," and that "[t]his proposal will allow the personal representative to pay claims and close this estate, which should have been closed three months ago [August 2017] but for Fred McLaurin's actions." The probate court's order authorizing Rizik to deduct $3,000 from Fred's distributive share of the estate's residue allowed for the expedient administration of the estate and its closure. MCL 700.3704. Thus, the probate court did not abuse its discretion in authorizing this partial distribution, as it properly invoked its equitable jurisdiction and authority. MCL 700.1302(a)(*i*), (*ii*), (*iii*); MCL 700.3704; see also *Cox*, 284 Mich at 633; *Williams*, 164 Mich App at 608-609.

The probate court determined $2,000 was the "deemed value" of the vehicle. This calculation included the buyer's "expected profit after refurbishing expenses and his towing expenses." The court's factual finding was not clearly erroneous as the lower court record indicates that Fred's brother bid in excess of $1,500 for the vehicle and that the buyer's towing expenses were estimated to be between $100 and $150. Furthermore, Rizik submitted an invoice with an itemized list of his attorney fees and costs, including in excess of $1,000 from the period

-3-

of July 11, 2017, through November 30, 2017, relating to the preparation of a motion and order to show cause relating to Fred's conduct with respect to the vehicle. Thus, the probate court's determination that $3,000 would be deducted from Fred's distributive share of the estate's residue, in light of Fred's actions, was neither clearly erroneous nor an abuse of discretion. *Temple Marital Trust*, 278 Mich App at 128; see also MCL 700.1302(a)(*i*), (*ii*), and (*iii*); MCL 700.1303(1)(a); MCL 700.3906(1)(c); *Cox*, 284 Mich at 633; *Williams*, 164 Mich App at 608-609.

## III. REMOVAL OF PERSONAL REPRESENTATIVE

Fred argues that the probate court abused its discretion in denying his petition to remove Rizik as personal representative of the estate. Because Fred has abandoned this argument on appeal and because it lacks merit, we disagree.

## A. ABANDONMENT

Fred provides no legal analysis as to why or how the probate court abused its discretion in failing to remove Rizik as personal representative. Fred's brief on appeal merely accuses Rizik of various forms of misconduct and breaches of his fiduciary duties. While Fred cites MCL 700.1308—the statute providing remedies for a breach of a fiduciary duty owed to an heir, beneficiary, or protected individual of an estate—as authority for his position, Fred's brief on appeal fails to explain, even minimally, how Rizik's alleged breach of his fiduciary duties entitles Fred to relief under MCL 700.1308. Thus, this argument has been abandoned. *Greater Springs Ministry*, 282 Mich App at 413.

Nonetheless, we disagree with Fred that the probate court abused its discretion in denying Fred's petition to remove Rizik as personal representative of the estate.

## B. STANDARD OF REVIEW & APPLICABLE LAW

This Court reviews for an abuse of discretion a probate court's decision regarding the removal of a personal representative. *In re Kramek Estate*, 268 Mich App 565, 575-576; 710 NW2d 753 (2005). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Temple*, 278 Mich App at 128.

"An interested person may petition for removal of a personal representative for cause at any time." MCL 700.3611(1). Pursuant to MCL 700.3611(2), the probate court may grant the petition under the following circumstances:

(a) Removal is in the best interests of the estate.

(b) It is shown that the personal representative or the person who sought the personal representative's appointment intentionally misrepresented material facts in a proceeding leading to the appointment.

(c) The personal representative did any of the following:

(*i*) Disregarded a court order.

-4-

(*ii*) Became incapable of discharging the duties of office.

(*iii*) Mismanaged the estate.

(*iv*) Failed to perform a duty pertaining to the office.

## C.  ANALYSIS

On appeal, Fred argues that the probate court should have removed Rizik as the personal representative for selling the vehicle to the buyer, whom Fred argued Rizik knew personally, despite all of the descendants' wishes to keep the vehicle in the family.  However, testimony shows that Rizik sold the vehicle because the bids of Fred and his brother for the vehicle never materialized, as neither could pay the amount bid.  At no point during Rizik's appointment as personal representative does it appear he was doing anything but acting in the best interests of the estate.  See MCL 700.3611(1).  Nor is there evidence that he disregarded any of the probate court's orders, that he mismanaged the estate, or failed to perform a duty required of him as personal representative of the estate.  See *id*.  As previously discussed, Rizik sold the vehicle in order to expeditiously administer the estate and begin closing it out, which could have been closed in August 2017 if Fred had not taken the car.  Rizik was acting under the authority of MCL 700.3704 when he sold the vehicle to the buyer, and the probate court had the equitable jurisdiction to authorize the sale.  MCL 700.1302(a)(*i*), (*ii*), and (*iii*); MCL 700.1303(1)(a); MCL 700.3906(1)(c).  Therefore, the probate court's denial of Fred's petition to remove Rizik as personal representative for selling the vehicle was not an abuse of discretion.  *Lundy*, 291 Mich App at 352.

## IV.  CONCLUSION

Despite defendant abandoning all of his claims on appeal, we have considered them on the merits and found them lacking.  Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

-5-