# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of CHARLES E. DUKE.

---

| | |
|---|---|
| CRYSTAL CLARK, CHARLES F. DUKE, AND MAREGA DELIZIO, | FOR PUBLICATION<br>October 13, 2015<br>9:00 a.m. |
| Petitioners-Appellees, | |
| v | No. 321234<br>Wayne Probate Court<br>LC No. 2010-753078-DE |
| ROBERT DUKE, | |
| Respondent-Appellant. | |

---

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

WILDER, P.J.

Respondent, Robert Duke, appeals as of right a probate court order granting the petition filed by petitioners, Crystal Clark, Charles Franklin Duke ("Frank"), and Marega Delizio, to determine title to real estate located in Huron Township, Michigan, and set aside the quitclaim deed that allegedly conveyed the property at issue in this case. We reverse and remand for further proceedings consistent with this opinion.

I

Before his death, decedent Charles E. Duke ("decedent") executed a quitclaim deed that conveyed an approximately 40-acre parcel of land on Inkster Road in Huron Township, Michigan ("Inkster Road Property") to Frank and respondent, his sons. According to the notations on the document, the deed was acknowledged by decedent, petitioner Frank, and respondent on May 14, 2007, before "EA Labadie," a notary public whose commission would expire on December 30, 2014. On September 23, 2009, decedent passed away. In January 2010, respondent recorded the quitclaim deed with the Wayne County Register of Deeds. On April 28, 2010, respondent was appointed personal representative of decedent's estate. When respondent

-1-

filed his initial inventory of the estate on September 7, 2011, he did not include the Inkster Road Property.[1]

On January 9, 2014, petitioners filed a petition to determine title to the Inkster Road Property and set aside the quitclaim deed, arguing that the Inkster Road Property is property of decedent's estate. Petitioners first argued that the quitclaim deed was fraudulent and void under MCL 565.46 and MCL 565.47 because it was improperly notarized and, as a result, could not be validly recorded as a conveyance of real estate under MCL 565.201(1)(c). Petitioners contended that the alleged notary, E.A. Labadie, was not a notary public as of May 14, 2007, providing printouts from the Michigan Department of State website indicating that Labadie became a notary public on October 15, 2008. Next, petitioners argued that respondent procured the "notarization" of the quitclaim deed to benefit himself because Labadie was an employee of respondent. Finally, petitioners argued that there was no evidence that the deed was actually delivered, as the deed was not recorded during decedent's lifetime and, instead, was hidden away until respondent recorded the deed after decedent's death. Thus, because a court may invalidate under MCL 55.307(2) any notarial act that is not performed in compliance with the Michigan Notary Public Act, petitioners requested that the probate court enter an order holding that the quitclaim deed was void and, therefore, did not transfer title of the Inkster Road Property from decedent. Additionally, petitioners asserted that respondent "must be charged with knowledge of the falsity of the notarization of the quit-claim deed" because Labadie was respondent's employee, and because respondent authorized Labadie to use his business address and phone number in her application to become a notary public in 2008.

On February 10, 2014, Labadie executed an affidavit averring that she witnessed decedent execute the quitclaim deed "on or about April 13, 2009," and that the date written and printed on the deed was incorrect. She also stated "[t]hat following execution of the deed, at the direction of [decedent], I made two copies of the deed and delivered the original to [respondent], and gave the copies to [petitioner Frank] and [decedent]."

On or about February 14, 2014, petitioners filed a brief in support of their petition. Petitioners raised the same arguments as those discussed in their initial petition and supporting brief, but they also argued, *inter alia*, that the deed constituted a gift because it was not supported by consideration, such that it should be governed by the law applicable to gifts, not the more lenient standards for real estate conveyances that are supported by paid consideration. Additionally, petitioners asserted that the deed was not a valid gift under Michigan law. Finally, petitioners argued that the deed was statutorily defective and that the "savings statute" under MCL 565.604 was not applicable because the statute only applies when a deed is "made in good faith and upon a valuable consideration." Specifically, petitioners contended that, despite the fact that Labadie was a notary public, nevertheless, the circumstances in which respondent arranged to have his employee sign the quitclaim deed, for no consideration, evidences that the deed was executed in bad faith.

---

[1] In the meantime, a dispute arose between the parties related to respondent's purported failure to comply with reporting and inventory requirements.

On February 26, 2014, Labadie's affidavit was recorded with the Wayne County Register of Deeds. Also on or about February 26, 2014, respondent filed a brief in response to petitioners' petition. Respondent asserted that decedent had signed a preprinted deed prepared by attorney Renee Schattler Burke in 2007 and dated May 14, 2007, but that the quitclaim deed was actually executed on or about April 13, 2009. Additionally, respondent claimed that when the deed was signed on or about April 13, 2009, Labadie was, at that time, a notary public; the deed was signed in Labadie's presence; and Labadie erroneously conformed the date in her notary block to the date printed on the deed. Furthermore, respondent indicated "[t]hat upon realizing [that] the date on the notary block (and the deed itself) was incorrect, Ms. Labadie prepared and recorded an [a]ffidavit of correction, as allowed by MCL 565.202, correcting the date of the deed, the restrictive agreement, and her notary block to April 13, 2009," attaching a copy of the recorded affidavit to his response. Respondent also argued that the burden of proof with regard to delivery had shifted to petitioners based on the contents of Labadie's affidavit. Finally, respondent argued that the court should hold the deed valid, even if the affidavit of correction was insufficient to correct the defects in the acknowledgment, as the only evidence presented to the court indicated that decedent intended to convey the property through the deed, and the deed was sufficient to provide notice of the conveyance. He argued that Michigan courts seek to carry out the parties' intentions, even if a deed is incomplete or ambiguous, and provided a business letter from attorney Daniel Keith in order to demonstrate that decedent had intended to transfer the property to respondent and petitioner Frank as early as 2001.

On March 5, 2014, the probate court held a hearing on the petition, and the parties presented arguments consistent with those raised in their briefs. In addition, petitioners contested respondent's claim that petitioner Frank was present when the deed was purportedly executed in April 2009, indicating that petitioner Frank was present and willing to testify to that fact. Although the court did not ask him to testify, petitioner Frank—who was sworn as a witness at the beginning of the hearing but was never examined by petitioners' or respondent's counsel—briefly confirmed on the record that he was not present in April 2009. Regarding recordation under MCL 565.46, respondent argued that there is a difference between executing a valid conveyance and making a deed eligible for recording, arguing that there is no dispute that a valid conveyance occurred in the instant case. The probate court stated that Burke's affidavit was not "particularly persuasive" or "clear and convincing" as to the date on which the deed was actually executed, and that it did not believe that Labadie notarized the deed in April 2009. Instead, the court stated that it believed that the deed was actually executed on May 14, 2007, in light of its disbelief that a notary would sign the deed while ignoring, and failing to correct, the numerous places on the deed that included the May 14, 2007 date. Accordingly, the probate court set aside the deed and held that the Inkster Road Property was property of decedent's estate, indicating that it would issue a written order and opinion with its reasoning.

On March 17, 2014, the probate court entered an opinion and order consistent with its statements on the record. The court set aside the quitclaim deed based on its authority to invalidate a notarial act under MCL 55.307(2), noting that a deed must be acknowledged before a notary public in order to be validly recorded, and finding that the deed was not validly notarized given the uncontroverted evidence that Labadie was not a notary public on May 14, 2007. Additionally, the court indicated that it gave no credence to Burke's affidavit, and that respondent cannot now claim that he was unaware of Labadie's credentials, as he procured her as a notary. Furthermore, the court noted there was some question regarding whether the deed was

-3-

properly delivered, but it declined to rule on this issue given its decision to set aside the quitclaim deed on the basis that the deed was invalidly notarized.

II

This Court reviews a probate court's conclusions of law de novo. *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). Likewise, "[t]his Court reviews de novo equitable actions to quiet title." *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). However, when a probate court sits without a jury, this Court reviews its factual findings for clear error. *In re Estate of Bennett*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. "The reviewing court will defer to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Estate of Erickson*, 202 Mich App 329, 331; 508 NW2d 181 (1993), citing MCR 2.613(C).

III

We first address respondent's argument that the trial court erred in setting aside the deed because the "only evidence submitted" indicates that the deed was properly executed—and, therefore, recordable—because it was executed on or about April 13, 2009, at which time Labadie was a notary public. In support of this argument, respondent asserts that Labadie's affidavit was adequate to correct the alleged errors in the dates of execution and acknowledgment pursuant to MCL 565.202.[2] We disagree.

MCL 565.202 provides:

> The register of deeds shall, however, receive any such instrument for record, *although the same does not comply with the requirements of this act*: Provided, There is recorded therewith an affidavit of some person having personal knowledge of the facts, which affidavit shall be either printed or typewritten, shall comply with the requirements of this act, and shall state therein:
>
> (a) The correct name of any person, the name of whom was not printed, typewritten or stamped upon such instrument as required by this act;

---

[2] Respondent also argues that petitioners failed to provide any support for their suspicion related to Labadie's participation in the conveyance based on the facts that she was employed by respondent and that the address that she provided to the State of Michigan in conjunction with her notary public commission was respondent's address. Because the probate court did not consider this argument, or the existence of bad faith more generally, and because we are remanding for further proceedings, we decline to review this issue in the interests of judicial economy. See *People v Trakhtenberg*, 493 Mich 38, 55 n 11; 826 NW2d 126 (2012), citing *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

(b) In case such instrument does not comply with the requirements of paragraph (b) of section 1, the correct name of such person and shall state that each of the names used in such instrument refer to such person. [Emphasis added.]

MCL 565.202 has only been cited in one opinion, *Cipriano v Tocco*, 757 F Supp 1484, 1491 (ED Mich, 1991), in a context that is not applicable to the instant case. Thus, we determine here as a matter of first impression whether, consistent with MCL 565.202, Labadie's affidavit was sufficient to correct the purported error in the date of acknowledgment.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature, *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011), as inferred from the specific language of the statute, *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 13; 795 NW2d 101 (2009). "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed[,] and further construction is neither required nor permitted." *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005). "[T]he interpretation to be given to a particular word in one section [is] arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole." *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 160; 627 NW2d 247 (2001) (quotation marks and citation omitted).

In reading the plain language of MCL 565.202 in context with the other sections of the act, *Macomb Co Prosecutor*, 464 Mich at 160, we conclude that a "saving affidavit" under MCL 565.202 only applies to errors or discrepancies in a person's name. It is evident that the reference to "the requirements of this act" in MCL 565.202 refers to the requirements in the Recording Requirements Act, MCL 565.201 *et seq*. The requirements are delineated in MCL 565.201,[3] which sets forth the "[r]requirements for recording with [the] register of deeds," and MCL 565.201a, which delineates the recording requirements related to the "scrivener's name and address on recorded documents." Neither MCL 565.201 nor MCL 565.201a mention any requirements regarding the date on which an instrument is executed or acknowledged. Instead, MCL 565.201(1) includes, *inter alia*, specific requirements regarding the name of each person purporting to execute an instrument, including that an individual's name must be printed, typewritten, or stamped under his or her signature, and that a discrepancy may not exist between the individuals' names as printed, typewritten, or stamped under their signatures and their names as indicated in the acknowledgment or jurat. Similarly, MCL 565.201a provides, "Each instrument described in section 1 executed after January 1, 1964 shall contain the name of the person who drafted the instrument and the business address of such person."

Moreover, MCL 565.202 requires that an affidavit "*shall* state therein" the correct name of a person when that person's name was not printed, typewritten, or stamped upon the

---

[3] Because MCL 565.201 was amended, effective October 17, 2014, the references to the statute in this opinion refer to the version that was in effect in March 2014, at which time the probate court ruled on the petition.

instrument, or when there were discrepancies between that person's name as printed, typewritten, or stamped underneath his or her signature and as stated in the acknowledgment or jurat. (Emphasis added.) "The word 'shall' is generally used to designate a mandatory provision . . . ." *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003). Thus, because an affidavit *shall* include such a provision, it follows that an affidavit may only be recorded under MCL 565.202 to correct errors or omissions with regard to a person's name, but not other errors such as the date on which an instrument was executed or acknowledged. Compare MCL 565.202, with MCL 565.201(1) and MCL 565.201a. Therefore, contrary to respondent's argument that "MCL [] 565.202 allows for the broad correction of errors on recorded documents by subsequently recording an affidavit," we find that Labadie's affidavit was insufficient to correct the purported errors in the deed.

IV

Respondent also asserts that the probate court improperly focused on the recordability of the deed instead of whether the deed effectuated a valid conveyance, thereby failing to recognize that his unrebutted evidence demonstrated that the property was validly conveyed through a quitclaim deed that was properly delivered. For reasons other than those argued by respondent, we remand to the probate court for further proceedings.[4]

The probate court accurately recognized that a deed transferring title is presumed to be valid if it is in writing, signed by the grantor, witnessed, and notarized, see MCL 565.47; MCL 565.152, and that improperly acknowledged deeds shall not be recorded. See MCL 565.8; MCL

---

[4] The trial court expressly declined to rule on whether proper delivery was completed in this case. As such, we decline to review this issue. Given that issues of fact not decided by the lower court must first be addressed, the interests of judicial economy are not well served by an initial ruling on this question by this Court. See *Trakhtenberg*, 493 Mich at 55 n 11, citing *Peterman* 446 Mich at 183. However, on remand, the probate court is not precluded from addressing this or any other relevant issue it did not previously address.

565.46; MCL 565.47; MCL 565.201(1)(c).[5]  Additionally, as the probate court indicated, a court is permitted to invalidate an improper notarial act pursuant to MCL 55.307(2):

> (1) Subject to subsection (2) and in the courts of this state, the certificate of a notary public of official acts performed in the capacity of a notary public, under the seal of office, is presumptive evidence of the facts contained in the certificate except that the certificate is not evidence of a notice of nonacceptance or nonpayment in any case in which a defendant attaches to his or her pleadings an affidavit denying the fact of having received that notice of nonacceptance or nonpayment.
>
> (2) Notwithstanding subsection (1), the court may invalidate any notarial act not performed in compliance with this act.  [MCL 55.307.]

However, the probate court failed to recognize that under Michigan law, an invalid acknowledgment does not render void an otherwise valid conveyance of real estate.  It is well settled that

---

[5] MCL 565.46 states, "The preceding sections of this chapter to procure, enforce and obtain the proof and acknowledgment of deeds, shall be, and the same are hereby made applicable to all instruments in writing in any wise affecting the title to lands which are required or authorized to be acknowledged, or acknowledged and recorded."  MCL 565.47 provides, "A deed, mortgage, or other instrument in writing that by law is required to be acknowledged affecting the title to lands, or any interest therein, *shall not be recorded by the register of deeds* of any county unless the deed, mortgage, or other instrument is *acknowledged or proved* as provided by this chapter." (Emphasis added.)  Within the chapter, MCL 565.8 provides, in relevant part:

> Deeds executed within this state of lands, or any interest in lands, *shall be acknowledged* before any judge, clerk of a court of record, or notary public within this state.  The officer taking the acknowledgment shall endorse on the deed a certificate of the acknowledgment, and *the true date of taking the acknowledgment*, under his or her hand.  [Emphasis added.]

Additionally, MCL 565.201(1)(c) states:

> (1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:
>
> * * *
>
> (c) The name of any notary public whose signature appears upon the instrument is legibly printed, typewritten, or stamped upon the instrument immediately beneath the signature of that notary public.

[d]eeds of real estate, to be entitled to record, must be acknowledged, but an acknowledgment is not a part of the conveyance. Title to real estate may be transferred by conveyances not acknowledged. Deeds, in order to be recorded, should be witnessed, but a deed not witnessed is good between the parties. [*Kerschensteiner v N Mich Land Co*, 244 Mich 403, 417; 221 NW 322 (1928).]

Likewise, in the absence of fraud, duress, or coercion, "[t]his court has upon many occasions held that an acknowledgment is not necessary to give validity to a conveyance, the purpose of acknowledgment being to entitle the instrument to record." *Turner v Peoples State Bank*, 299 Mich 438, 449-450; 300 NW 353 (1941). See also *Irvine v Irvine*, 337 Mich 344, 352; 60 NW2d 298 (1953) ("It is well settled by prior decisions of this Court that an instrument of conveyance is good as between the parties even though not executed with such formalities as to permit it to be recorded."); *Evans v Holloway Sand & Gravel, Inc*, 106 Mich App 70, 82; 308 NW2d 440 (1981).

Furthermore, MCL 565.604 expressly provides that a deed may remain valid even if the acknowledgment is defective. In relevant part, MCL 565.604 states:

No conveyance of land or instrument intended to operate as such conveyance, made in good faith and upon a valuable consideration, whether heretofore made or hereafter to be made, shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, *acknowledgment*, or certificate of acknowledgment thereof; . . . but the same, when not otherwise effectual to the purposes intended, may be allowed to operate as an agreement for a proper and lawful conveyance of the premises in question, and may be enforced specifically by suit in equity in any court of competent jurisdiction, subject to the rights of subsequent purchasers in good faith and for a valuable consideration; and when any such defective instrument has been or shall hereafter be recorded in the office of the register of deeds of the county in which such lands are situate, such record shall hereafter operate as legal notice of all the rights secured by such instrument. [Emphasis added.]

In the probate court, petitioners argued that this "savings statute" is inapplicable in the instant case because the deed was not made in good faith and upon a valuable consideration. The court, however, did not make any findings regarding whether good faith and valuable consideration were present. Therefore, given the relevant caselaw and the text of MCL 565.604, we conclude that the probate court erred in setting aside the deed solely due to a defect in the acknowledgement without also finding a lack of good faith or valuable consideration, or the presence of another invalidating circumstance, such as fraud, mistake of fact, coercion, or undue influence. See *Schmalzriedt v Titsworth*, 305 Mich 109, 118-120; 9 NW2d 24 (1943). Accordingly, we reverse the probate court's order and remand this case for further evidence to be taken on the issues of good faith, , consideration, and any other relevant issues. MCR 7.216(A)(5).

In concluding that remand is necessary in this case, we decline to accept petitioners' argument that it is clear that the conveyance was not supported by valuable consideration. Petitioners assert that, because the deed states that it was executed upon "valuable consideration

in the amount of One ($1.00) Dollars[,]" the deed is a gift on its face. In general, "[t]o have consideration there must be a bargained-for exchange." *Gen Motors Corp v Dept of Treasury, Revenue Div*, 466 Mich 231, 238; 644 NW2d 734 (2002). "Courts do not generally inquire into the *sufficiency* of consideration. It has been said [a] cent or a pepper corn, in legal estimation, would constitute a valuable consideration." *Id*. at 239 (quotation marks and citations omitted). However,

> *[t]he rule in Michigan is [also] that a deed's recital of valuable consideration is not conclusive regarding whether the property was actually sold for value.* "The consideration recited in a deed is not conclusive, but can afterwards be inquired into." And with respect to the issue of parol evidence, our Supreme Court has specifically held that "[w]hile the consideration expressed in a written instrument is prima facie to be taken as the actual consideration, the rule is well settled by abundant authority that parol evidence is admissible to show that the true consideration was . . . different from that expressed." [*In re Rudell Estate*, 286 Mich App 391, 410; 780 NW2d 884 (2009) (citations omitted; emphasis added).]

Petitioners cite to *Daane v Lovell*, 83 Mich App 282, 292; 268 NW2d 377 (1978), in support of their contention that the deed is a gift. In *Daane*, the stated consideration for the deed at issue was "One Dollar ($1.00) and other valuable considerations less than Ten Dollars ($10.00)." *Id*. at 296 (HOLBROOK, J., dissenting). This Court found that, "*[u]pon reviewing the entire record*, we are satisfied that the transaction was intended as a gift." *Id*. at 292 (opinion of the Court; emphasis added). The majority opinion includes no discussion of whether such consideration was actually paid, and the dissenting opinion suggests that it was evident from the testimony that no consideration was actually paid. *Id*. at 296, 304-306 (HOLBROOK, J., dissenting). Additionally, the circumstances of the case did not involve a deed that was defective due a deficiency in the sealing, signing, attestation, acknowledgment, or certificate of acknowledgment, and whether valuable consideration was present for purposes of MCL 565.604 was not at issue. Accordingly, we conclude that this Court's holding in *Daane* does not require the finding as a matter of law in this case that the deed in dispute here was a gift unsupported by consideration.[6]

Therefore, because the probate court did not consider the circumstances surrounding the stated consideration or whether *in fact* consideration was provided in exchange for the

---

[6] Accord *Takacs v Takacs*, 317 Mich 72, 82; 26 NW2d 712 (1947) (finding that a conveyance of property was a gift when the deed recited consideration of one dollar in a case where the parties "*conceded* . . . that the grantees made no payment of any kind of plaintiff, nor was there any [a]greement on their part to support him in the future, or otherwise to do anything for his benefit"); *Fischer v Union Trust Co*, 138 Mich 612, 614; 101 NW 852 (1904) ("To say that the one dollar was the real, or such valuable consideration as would of itself sustain a deed of land worth several thousand dollars, is not in accord with reason or common sense. The passing of the dollar by the brother to his sister, and by her to her father, *was treated rather as a joke* than as any actual consideration. . . . The deed was a gift . . . ." [Emphasis added.]).

conveyance, we find that remand is necessary for the trial court to factually determine whether the deed was made upon a valuable consideration, and whether the deed was made in good faith, for purposes of MCL 565.604.

V

Finally, defendant argues that the probate court erred in granting petitioners' petition "in summary fashion" because it evaluated credibility and made factual findings regarding the date on which the deed was executed without holding an evidentiary hearing. Given our conclusion, for the reasons stated above, that remand is necessary for further evidence to be taken on the issues of good faith and consideration, MCR 7.216(A)(5), we need not consider the merits of this argument.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No party having prevailed in full, no costs may be taxed. MCR 7.219(A).

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause