*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* CONSERVATORSHIP OF GT, Minor.

---

NICHOLAS TEMPLES,

      Petitioner-Appellant,

v

DAWN SANTAMARINA, Conservator of GT,

      Appellee.

FOR PUBLICATION
April 14, 2026
2:25 PM

No. 371518
Wayne Probate Court
LC No. 24-894170-CY

---

*In re* CONSERVATORSHIP OF DT, Minor.

---

NICHOLAS TEMPLES,

      Petitioner-Appellant,

v

DAWN SANTAMARINA, Conservator of DT,

      Appellee.

No. 371519
Wayne Probate Court
LC No. 24-894174-CY

---

*In re* CONSERVATORSHIP OF JT, Minor.

---

NICHOLAS TEMPLES,

      Petitioner-Appellant,

v

No. 371523
Wayne Probate Court

-1-

DAWN SANTAMARINA, Conservator of JT,                    LC No.   24-894219-CY

        Appellee.

_____

Before:  RICK, P.J., and YATES and MARIANI, JJ.

RICK, P.J.

In this consolidated matter,[1] petitioner appeals as of right the probate court's orders appointing appellee as conservator for petitioner's minor children under MCL 700.5106 and MCL 700.5409.  We reverse and remand for further proceedings.

## I.  FACTUAL BACKGROUND

In May 2024, petitioner sought appointment as conservator for his three minor children, GT, DT, and JT,[2] after each child inherited $100,000 from their great-grandfather's estate.  The children were 13, 11, and 9 years old at the time of the hearing on the matter.  The probate court appointed a guardian ad litem (GAL), who filed written reports recommending that a conservator be appointed.  However, the GAL recommended that the court appoint an independent conservator, rather than petitioner.  The GAL indicated that her recommendation was based in part on information contained in a "confidential exhibit" submitted to the court.  Before the hearing, petitioner requested permission from the GAL via email to view the confidential report.  The GAL declined.  Instead, she responded that the court should determine whether to allow petitioner access to the report.  The GAL thus did not provide the exhibit to petitioner.  Petitioner did not file a motion with the court for access, nor did he orally request access at the next hearing in the case.

At the hearing, petitioner testified that he intended to manage the children's inheritance conservatively and consistent with how he managed his own investments.  He expressed concern that an 18-year-old might lack maturity to manage a substantial sum and indicated that he would prefer to establish trusts to ensure that the funds were used for education and other productive purposes.  When asked what age the children should receive their money, petitioner responded that it would "depend on the child."

The probate court declined to appoint petitioner as conservator for the children.  The court reasoned that petitioner's desire to control the timing and manner of distribution after the children turned 18 conflicted with Michigan law, which requires termination of a minor conservatorship once the child reaches the age of majority.  See MCL 700.5431.  The court additionally expressed

_____

[1] *In re Conservatorship of GT*, unpublished order of the Court of Appeals, entered July 16, 2024 (Docket Nos. 371518, 371519, 371523).

[2] Petitioner also moved for appointment as conservator for a fourth child.  That child reached the age of majority while this matter was pending and is not a party to this appeal.

concern that petitioner intended to "hold the purse-strings" as a means of controlling the children. The court thus appointed appellee as an independent conservator. This appeal followed.

## II. ANALYSIS

Petitioner argues that the probate court erroneously relied on a confidential report submitted by the GAL without first allowing him the opportunity to review it, in violation of MCR 5.121(D)(2)(a). We agree.

Petitioner did not raise this issue in the probate court. Generally, issues not raised before the trial court are not properly preserved for appellate review. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). However, this Court may review an unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 289-290 (quotation marks and citations omitted).

Although petitioner did not first bring this issue to the probate court, we exercise our discretion to review this issue. It presents concerns regarding procedural fairness in the probate court's handling of a confidential GAL report that it received into evidence and expressly relied upon in rendering its decision. The probate court did not provide petitioner an opportunity to examine or respond to that material. A proceeding in which the court relies on undisclosed evidence to resolve a contested issue affecting statutory priority and fiduciary appointment undermines the fundamental fairness of the adjudicative process. In our view, if we declined to review this alleged violation of a court rule designed to safeguard the rights of interested parties in probate proceedings, it would result in a manifest injustice.[3]

Because the resolution of this issue turns on the proper interpretation of MCR 5.121(D)(2)(a),[4] we begin with the governing principles of court-rule construction. A court rule is interpreted using the same principles that govern statutory interpretation. *Estate of Maki v Coen*, 318 Mich App 532, 540; 899 NW2d 111 (2017). The goal is to give effect to the intent of the court rule's authors, focusing first on the rule's plain language. If the language of the court rule is clear and unambiguous, then no further interpretations are required or allowed. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

MCR 5.121(D)(2)(a) provides that "[a]ny interested person shall be afforded an opportunity to examine and controvert reports received into evidence." The rule's language is mandatory. See *In re Duke Estate*, 312 Mich App 574, 584; 887 NW2d 1 (2015) (quotation marks and citation omitted) ("The word 'shall' is generally used to designate a mandatory provision[.]").

---

[3] Although we do not hold that the probate court's failure to allow petitioner an opportunity to review the GAL report rises to the level of structural error, we conclude that it was procedurally unfair for the court to consider and rely on information that was not made available to all interested persons.

[4] Neither party has suggested that any legal authority other than MCR 5.121(D)(2)(a) might bear on petitioner's right to review and challenge the GAL report at issue in this case.

Along with this, "afford" means "to make available, give forth, or provide naturally or inevitably[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). The word "afford" is not defined in the court rule, thus allowing this Court to consult its dictionary definition. See *People v Perkins*, 473 Mich 626, 639; 703 NW2d 448 (2005). When its plain terms are read together, MCR 5.121(D)(2)(a) requires the probate court to make the GAL report available and allow the petitioner the opportunity to examine and controvert the report.

Notably, the rule does not condition the court's obligation under MCR 5.121(D)(2)(a) on a request from an interested person, nor does it contain language placing the burden on the party to seek access. Instead, the language imposes an affirmative duty on the court to ensure that the opportunity is provided once a report has been received into evidence, however it happens.[5] Moreover, the rule does not distinguish between confidential and nonconfidential reports, nor does it create an exception permitting a court to rely on a report without providing access to interested persons. Had the Supreme Court intended to create such an exception, it could have done so expressly. See *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007) ("We may not read into a statute or rule that which is not within the manifest intention of the Legislature [or our Supreme Court] as gathered from the statute or rule itself.").

Here, the probate court appointed the GAL, received the GAL's confidential report into the record, and relied on that report in rendering its decision. Under these circumstances, the court rules imposed an affirmative obligation on the probate court to ensure that petitioner, as an interested person,[6] was afforded an opportunity to examine and review the report and to controvert it. The court was required to do so regardless of whether petitioner made a formal request. The record does not reflect that petitioner was ever afforded such an opportunity, although evidence of his desire to do so is apparent from the record. Before the hearing, petitioner sent an email to the GAL requesting whether "any information can be provided on what is contained in the confidential file that makes [petitioner] unsuitable to serve as conservator?" The GAL responded that she would "need to defer to the court on [her] recommendation," due to her discomfort with providing further information. This exchange demonstrates that petitioner affirmatively sought access to the report but the GAL declined. That procedure was inconsistent with the plain language of MCR 5.121(D)(2)(a). Accordingly, petitioner is entitled to a new hearing. On remand, petitioner must be afforded the opportunity to examine any GAL report received into evidence as required by MCR 5.121(D)(2)(a).

---

[5] In the instant matter, it appears that the GAL emailed the report directly to the probate court prior to an upcoming hearing. Setting aside a different concern, namely whether this is problematic from an ex parte perspective, we hold that the governing court rule mandates that any such report conveyed to the probate court and received by the court into evidence must be shared with all interested persons, and such persons must be given the opportunity to challenge it.

[6] The parties do not dispute that petitioner was an interested person. Petitioner qualifies as an "interested person" because, as the minors' father and a competing petitioner for appointment as conservator, his legal interests were directly affected by the probate court's decision. See MCL 700.1105(c). Accordingly, he was entitled to the protections afforded interested persons under MCR 5.121(D)(2)(a).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.[7]

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani

---

[7] In light of our conclusion that petitioner is entitled to a new hearing, we need not address his argument that the probate court abused its discretion by refusing to appoint him as conservator.